UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re

CHRISTINE GUTHRIE,   Case Number 6:23-bk-02173-GER
                     Chapter 7
    Debtor.
_____/

EMERSON C. NOBLE, TRUSTEE,

    Plaintiff.

vs.                  Adv. No. 6:23-ap-_____-GER

CHRISTINE GUTHRIE,

    Defendant.
_____/

## COMPLAINT TO DENY THE DISCHARGE OF THE DEBTOR

Plaintiff, Emerson C. Noble, chapter 7 trustee, by and through his undersigned attorney, hereby files this Complaint to Deny the Discharge of the Debtor and shows:

## JURISDICTION

1. Jurisdiction is based on 28 U.S.C. §1334(a).

2. Venue is based on 28 U.S.C. §1409(a).

## PARTIES

3. Emerson C. Noble, chapter 7 trustee, plaintiff (the "Trustee") is the duly qualified and acting trustee in the main bankruptcy case.

4. Christine Guthrie is the debtor in the main bankruptcy case.

## FACTUAL BACKGROUND

5. Christine Guthrie, debtor (the "Debtor"), filed a petition under Chapter 7 of Title 11, United States Code, on June 1, 2023.[1]

6. Per Schedule E/F: Creditors who have unsecured claims (Main Case – Doc. No. 1; Pages 19-24), the total amount of debt owed by the Debtor is listed at $70,523.00.

7. Due to the fact that one (1) of the unsecured debts listed is a duplicate of another, actual amount of unsecured debt owed by the Debtor totals $54,346.00.[2]

8. The debt owed to OneMain Financial ("OneMain") is secured by one (1) Ford F-250 (the "Ford") totaling $20,389.00.[3]

9. The Debtor is jointly liable for the OneMain debt with her son who is making the monthly payments.

10. The OneMain debt was incurred in August, 2022.

11. The Debtor's testimony at the 11 U.S.C. §341(a) Meeting of Creditors indicated that she was a co-owner of the Ford.[4]

12. In December, 2022, the Debtor obtained an unsecured loan totaling $16,500.00 from Truist Bank d/b/a LightStream ("LightStream").[5]

13. The $16,500.00 deposited into the Debtor's Truist bank account was

---

[1] The deadline to file a complaint objecting to discharge is September 11, 2023 (see Main Case Doc. No. 4/Page 2).
[2] The duplicate unsecured debt listed is Truist Bank for Account ending in 9586 totaling $16,177.00 (see Main Case – Doc. No. 1; Pages 22 and 23).
[3] See Main Case-Doc. No. 1/Page 21/Section 4.6.
[4] The Debtor's testimony is unclear. However, she stated that her son was making the monthly payments and implied that she was the co-owner of the Ford.
[5] See Main Case-Doc. No. 1/Page 22/Section 4.10.

deposited on December 28, 2022.

14. The Debtor's Truist Bank account statement shows a disbursement in the amount of $16,500.00 on December 28, 2022.[6]

15. The LightStream loan funds were used by the Debtor to purchase one (1) 1996 Volkswagen Golf (the "VW") for her son.

16. The Debtor also lists a debt owed to Truist/BB&T ("Truist") totaling $11,814.00 for an account opened in October, 2022.

17. According to the schedules filed by the Debtor and signed under penalty of perjury, the total sum of debt incurred between August, 2022 and December, 2022 totals $48,380.00.[7]

18. On Schedule I: Income, the Debtor lists monthly income totaling $3,110.56.[8]

19. The monthly income is divided between wages totaling $2,944.56 and monthly overtime totaling $166.00.

20. On Schedule J: Expenses, the Debtor lists monthly expenses totaling $1,704.00.[9]

21. Per the bankruptcy schedules filed by the Debtor and signed under penalty of perjury, the Debtor's net total income totals $801.72.

---

[6] The payment was made by an Official Check paid to Volkswagen Audi of Naples.
[7] The three (3) debts incurred between August, 2022 and December, 2022 are: OneMain - $20,389.00 (Secured; co-debtor); LightStream - $16,177.00 and Truist - $11,814.00.
[8] See Schedule I: Income (Main Case-Doc. No. 1/Pages 27 and 28).
[9] See Schedule J: Expenses (Main Case-Doc. No.1/Pages 29 and 30).

22. Per the Trustee's request, the Debtor provided bank statements for the time period prior to the filing of the bankruptcy case to the Trustee.[10]

23. Per the December 14, 2022 to January 13, 2023 Truist bank statement (the "Truist Statement"), the Debtor received $2,293.94 from third parties.

24. The third party payments appear to be related to independent contracting work performed by the Debtor on behalf of various individuals.

25. The Truist Statement also lists recurring payments totaling $519.96 to a third party.

26. The third party recipient of the $519.96 is neither listed as a creditor nor as a dependent in the bankruptcy case.[11]

COUNT I – COMPLAINT TO DENY DISCHARGE (11 U.S.C. §727(a)(4)(A)

27. The Trustee re-alleges the allegations contained in paragraph numbers one (1) through twenty-six (26) above.

28. This is an action to deny the discharge of the Debtor pursuant to 11 U.S.C. §727(a)(4)(A).

29. This Court has jurisdiction over this core adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b)(2)(J).

30. The bankruptcy schedules filed by the Debtor and signed under penalty of perjury did not disclose the transfer of $16,500.00 to Volkswagen Audi of Naples on December 28, 2022.

---

[10] At this time, the attorney for the Trustee only has access to one (1) Truist bank statement for the time period of December 14, 2022 through January 13, 2023.
[11] The Truist Statement lists the payments as "Recurring Internet Payments". Schedule J: Expenses shows no dependents claimed by the Debtor (see Main Case – Doc. No. 1/Page 29).

4

31. The bankruptcy schedules filed by the Debtor and signed under penalty of perjury did not disclose the transfer/gift of the VW to the Debtor's son.

WHEREFORE, the Trustee moves this Court to enter its judgment as follows: (a) in favor of the Trustee; (b) against the Debtor; (c) denying the discharge of the Debtor; (d) for costs incurred herein, and (e) for such other and further relief as this Court deems just and proper.

COUNT II – COMPLAINT TO DENY DISCHARGE (11 U.S.C. §727(a)(2)(A)

32. The Trustee re-alleges the allegations contained in paragraph numbers one (1) through twenty-six (26) above.

33. This is an action to deny the discharge of the Debtor pursuant to 11 U.S.C. §727(a)(2)(A).

34. This Court has jurisdiction over this core adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b)(2)(J).

35. The bankruptcy schedules filed by the Debtor and signed under penalty of perjury did not disclose the transfer of $16,500.00 to Volkswagen Audi of Naples on December 28, 2022.

36. The bankruptcy schedules filed by the Debtor and signed under penalty of perjury did not disclose the transfer/gift of the VW to the Debtor's son.

37. Considering the totality of circumstances, the transfer of the $16,500.00 for the benefit of a third party within one (1) year of filing the bankruptcy case was made with intent to hinder, delay or defraud creditors, namely Truist.

WHEREFORE, the Trustee moves this Court to enter its judgment as follows: (a) in favor of the Trustee; (b) against the Debtor; (c) denying the discharge of the Debtor; (d) for costs incurred herein, and (e) for such other and further relief as this Court deems just and proper.

COUNT II – COMPLAINT TO DENY DISCHARGE (11 U.S.C. §727(a)(4)(A)

38. The Trustee re-alleges the allegations contained in paragraph numbers one (1) through twenty-six (26) above.

39. This is an action to revoke the discharge of the debtor pursuant to 11 U.S.C. §727(a)(2)(A).

40. This Court has jurisdiction over this core adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b)(2)(J).

41 The bankruptcy schedules filed by the Debtor and signed under penalty of perjury lists monthly overtime income totaling $166.00.[12]

42. The Truist bank statement for December 14, 2022 to January 13, 2023 referenced above showed income totaling $2,293.94 from third parties.[13]

WHEREFORE, the Trustee moves this Court to enter its judgment as follows: (a) in favor of the Trustee; (b) against the Debtor; (c) denying the discharge of Discharge;

---

[12] Based on income totaling $166.00 per month, the annual income amount totals $1,992.00.
[13] Unless the payments received listed in the Truist bank statement represented an entire year of third party income, the third party income per year is substantially higher than disclosed in the bankruptcy schedules.

(d) for costs incurred herein, and (e) for such other and further relief as this Court deems just and proper.

DATED: September 9, 2023.

/s/John Henry Meininger, III
John Henry Meininger, III
Meininger & Meininger, P.A.
Post Office Box 2706
Ocala, Florida 34478
Telephone: (407) 246-1585
E-mail: john@meiningerlaw.com
Florida Bar No. 0881775
Attorney for Trustee
